UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FAYE USHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV02516 AGF |
| ) | |
| FIDELITY INFORMATION CORP., et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This is an action for damages under the Fair Credit Reporting Act ("FCRA"). The matter is before the Court on Plaintiff's motion for default judgment against Defendant Fidelity Information Corp. ("Fidelity"), the last remaining Defendant in the case. For the reasons set forth below, the motion will be denied.

# BACKGROUND

Plaintiff's complaint alleges that Fidelity, referred to as a debt collector and as a "furnisher-subscriber (creditor and collector)," provided false credit information about Plaintiff to three credit reporting agencies, and after the agencies reported that Plaintiff disputed the information, failed to investigate and retract the information, and continued "to falsely report about Plaintiff." The complaint alleged that the inaccurate information "includes, but is not limited to, open collections accounts that were paid and/or not owed." ECF No. 4 at 7. Plaintiff claimed that Fidelity thereby "willfully or negligently" violated the FCRA, causing Plaintiff "to incur actual damages, attorney's fees, as well as emotional

distress and denial of credit." *Id*. at 4. Plaintiff requested statutory damages, actual damages, punitive damages costs, and attorney's fees, all for unspecified amounts. ECF No. 4.

Fidelity did not respond to the complaint, and on December 22, 2017, the Clerk of Court entered default against Fidelity. Plaintiff now seeks default judgment against Fidelity in the amount of $23,300, comprised of $1,000 in statutory damages, $5,000 in actual damages, $12,000 in punitive damages, and $5,300 in court costs and attorney's fees. The only evidence supporting the motion is Plaintiff's affidavit that avers that she suffered and continues "to suffer damages, as well as personal humiliation, embarrassment, mental anguish and emotional distress." ECF No. 35-2.[1]

## **DISCUSSION**

Where default has been entered, the allegations of the complaint are taken as true, except as to the amount of damages; it then "remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (citation omitted).

The FCRA was enacted, in part, to "ensure fair and accurate credit reporting." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The statute sets forth the duties of a creditor providing information to a credit-reporting agency, after a creditor has been notified

---

[1] The Court notes that counsel for Plaintiff has also submitted a copy of his letter dated March 18, 2018, to Fidelity stating, "You have been non-responsive to lawsuit and a default judgment was entered, see attached. Please remit payment immediately to avoid collection on this account." ECF No. 35-1. This is inaccurate, as default judgment has not been entered.

of a consumer's dispute. 15 U.S.C. § 1681s-2(b). Among other things, the creditor must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the . . . reporting agency," and, where an inaccuracy has been found, either modify the information, delete it, or permanently block its reporting. 15 U.S.C. § 1681s-2(b)(1)(A)-(E).

A consumer aggrieved by a creditor's violation of § 1681s-2(b) may sue for money damages. An FCRA plaintiff must demonstrate at least negligence by the creditor in order to prevail. *Safeco*, 551 U.S. at 53. If the plaintiff shows the creditor violated the statute willfully, she may recover actual damages or statutory damages between $100 and $1,000, plus punitive damages, costs and attorney's fees. 15 U.S.C. §§ 1681n(a). If the plaintiff shows the creditor's negligence resulted in a violation, she may recover actual damages, costs, and attorney's fees. *Id*. § 1681o(a).

"To show willful noncompliance with the FCRA, [the plaintiff] must show that [the defendant] knowingly and intentionally committed an act in conscious disregard for the rights of others, but need not show malice or evil motive." *Bakker v. McKinnon*, 152 F.3d 1007, 1013 (8th Cir.1998) (citations omitted). Reckless conduct is sufficient to establish willfulness under the FCRA and includes actions that involve "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Safeco Ins. Co. of Am.*, 551 U.S. at 68. Here, the Court concludes that the allegations in the complaint do not establish a cause of action for the willful violation of the FCRA. The statement that Fidelity "willfully or negligently" violated the FCRA, without more, does not establish a willful violation, and Plaintiff has offered nothing more.

In order to state a claim for negligent noncompliance under the FCRA, a plaintiff "must present competent evidence of actual injury." *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 828 (8th Cir. 2013); *see also Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 141 (E.D.N.Y. 2005) ("To maintain a claim under the FCRA, Plaintiff bears the burden of demonstrating "actual damages sustained" as a result of the Defendants' activities."). While mental pain and anxiety can constitute actual damages under the FCRA, emotional distress damages must be supported by evidence of "concrete emotional distress" and "a genuine injury." *Taylor*, 710 F.3d at 828.

In *Taylor*, the evidence of alleged emotional injury consisted of the plaintiff's testimony that she "was very upset" and "extremely upset and embarrassed" by the defendant's inaccurate credit reporting, plus evidence of another witness that the plaintiff had "started crying and was very upset" during a brief meeting on the matter. The Eighth Circuit recognized that the emotional injury "may be established solely by a plaintiff's own testimony," but it emphasized that a plaintiff must provide evidence showing something more than "a brief episode of frustration and unhappiness," and affirmed the district court's grant of summary judgment to the defendant on the ground that the plaintiff presented insufficient evidence to show that she suffered actual damages from any violation of the FCRA. *Id.* at 828-29.

Here the Court concludes that, likewise, Plaintiff's evidence of actual damages is insufficient. Without a showing of actual damages, Plaintiff's FCRA negligence claim against Fidelity fails. *See id.*; *Sumweber v. Green Tree Servicing, LLC*, No. 13-CV-03628 SRN/SER, 2015 WL 2381131, at *7 (D. Minn. May 19, 2015). The Court notes that

Plaintiff did not request an evidentiary hearing on the issue of damages, and the Court is not required to hold one. *See, e.g., Finkel v. Romanowicz*, 577 F.3d 79, 87 (2d Cir. 2009); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527-28 (S.D.N.Y. 2012) (citing cases). Because Plaintiff's claim against Fidelity Information Corp. fails, she is not entitled to attorney's fees or costs from this Defendant.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for default judgment against Defendant Fidelity Information Corp. is **DENIED** and her claim against this Defendant is dismissed. (ECF No. 35.)

All claims against all Defendants having been resolved, a separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 7th day of May, 2018.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　AUDREY G. FLEISSIG
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE